UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **DIANE VENETIA PINKSTON,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05CV340SNL |
| ) | |
| **AESCULAP, INC. and MANFRED** ) | |
| **ROMER,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff Diane Venetia Pinkston's Motion for Appointment of Counsel (#2). Plaintiff brings this action *pro se* against her employer under Title VII of the Civil Rights Act of 1964, as amended, alleging employment discrimination on the basis of her race, sex, national origin, and color. She has attached two pages of factual allegations to her Complaint in support of her claim.

The appointment of counsel for an indigent *pro se* plaintiff lies within the discretion of the Court. Indigent civil litigants do not have a constitutional or statutory right to appointed counsel. Stevens v. Redwing, et. al., 146 F.3d. 538, 546 (8th Cir. 1998); Edgington v. Mo. Dep't of Corrections, 52 F.3d. 777, 780 (8th Cir. 1995); Rayes v. Johnson, 969 F.2d. 700, 702 (8th Cir. 1992). Once the plaintiff alleges a *prima facie* claim, thereby surviving a frivolity review pursuant to 28 U.S.C. §1915(d), the Court must determine the plaintiff's need for counsel to effectively litigate his claim. Edgington, 52 F.3d at 780; Natchigall v. Class, 48 F.3d. 1076, 1081-82 (8th Cir. 1995); In re Lane, 801 F.2d. 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case involves the weighing of several factors which include the factual complexity of a matter, the complexity of legal issues, the existence of conflicting

testimony, the ability of the indigent to investigate the facts, and the ability of the indigent to present his claim. McCall v. Benson, 114 F.3d. 754 (8th Cir. 1997); Stevens, *supra,*; Edgington, *supra.*; Natchigall, 48 F.3d at 1080-81; Johnson v. Williams, 788 F.2d. 1319, 1322-1323 (8th Cir. 1986). In this matter, the Court finds that appointment of counsel is not necessary. The action appears to involve straightforward questions of fact rather than complex questions of law, and Plaintiff appears able to clearly present and investigate her claim.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Diane Venetia Pinkston's Motion for Appointment of Counsel (#2) be and hereby is **DENIED** without prejudice at this time.

Dated this 16th day of May, 2005.

_____
SENIOR UNITED STATES DISTRICT JUDGE